UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAVAGENESIS COFFEE ROASTING LLC,**

    **Plaintiff,**

v.                                                                                                        **Case No: 5:15-cv-324-Oc-PRL**

**OPENGATEFARMFL, LLC**

    **Defendant.**

## ORDER

On October 10, 2016, the parties in this trademark infringement case consented to the jurisdiction of the undersigned. (Doc. 18). This matter is now before the Court for consideration of Defendant's Motion to Dismiss Amended Complaint (Doc. 14), to which Plaintiff has responded. (Doc. 15). For the reasons explained below, Defendant's motion is due to be denied.

**I.    Background**

On May 14, 2015, Plaintiff, JavaGenesis Coffee Roasting , LLC, initiated this case alleging trademark infringement claims pursuant to 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)(1)(A), against Defendant, OpenGateFarmFL, LLC d/b/a Genesis Coffee Roasters. In summary, Plaintiff alleges that it is an artisanal, small-batch provider of roasted coffee and related products, and has developed goodwill under its trademark. Plaintiff alleges Defendant, a competitor in the coffee market, has infringed its trademark by using a mark that is nearly identical.

Following transfer of the case to this Court, the United States District Judge to whom it was previously assigned entered an Order, sua sponte, striking the Complaint because it was an

impermissible "shotgun pleading," meaning that it purported to incorporate factual allegations from prior paragraphs via reference. (Doc. 11). The Court stated:

> A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund. L.L.C. v. Spear. Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. *See id.* Here, all three of Plaintiff's counts incorporate, by reference, all of the preceding allegations.

(Doc. 11, p. 1). Plaintiff was granted an opportunity to file an Amended Complaint, and did so.

## II.     Discussion

In its motion, approximately two and a half pages in length, Defendant now moves to dismiss the Amended Complaint, arguing it is still deficient and the amendments amount to a mere "Band-Aid" on the original Complaint. (Doc. 14, p. 3). The Court disagrees.

A review of the Amended Complaint (Doc. 13) reveals that Plaintiff has remedied the deficiencies previously noted by the Court. Specifically, Plaintiff has eliminated its prior attempt to incorporate previously pled allegations by reference. As Plaintiff argues, its Amended Complaint is divided into several clearly identified headings that specifically inform the reader as to what the allegations apply: Nature of the action, parties, jurisdiction, etc. Plaintiff argues that the headings of the Amended Complaint clearly inform the reader of the relevance and import of the allegations contained within them, and this is "simply not a case with a multitude of disparate, vague, and immaterial facts with no clear tie between them." (Doc. 15, p. 6-7).

Indeed, upon review of the Amended Complaint, the undersigned finds that Plaintiff has remedied prior deficiencies by eliminating the attempt to incorporate prior allegations via reference. As it now stands, the Amended Complaint does not fall within the Eleventh Circuit's

definition of a "shotgun" complaint. *See Strategic Income Fund*, 305 F.3d at 1295, *Wieland v. Palm Beach County Sheriff's Office*, 409 F.3d 1313, 1323 (11th Cir. 2005) (discussing four categories of shotgun pleadings). Defendant argues that the Amended Complaint is virtually identical to the original "with the exception of a few deletions and very few additions." While this is true, the deletions and additions made were precisely the ones necessary to remedy the deficiencies previously identified by the Court.

### III. Conclusion

Accordingly, upon due consideration, Defendant's Motion to Dismiss (Doc. 14) is **DENIED**.

DONE and ORDERED in Ocala, Florida on December 14, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party